IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RICKY MARSHALL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MEDTRONIC, INC.,** | § | **CAUSE NO.:** ___4:22-cv-2755___ |
| | § | |
| *Defendant.* | § | |

**DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THE COURT:

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Medtronic, Inc. ("Medtronic"), with full reservation of and without waiver of any and all defenses, objections, and exceptions, hereby file this Notice of Removal of this action from the 11th Judicial District Court of Harris County, Texas, Cause No. 2022-38664 (the "State Court Action") to the United States District Court for the Southern District of Texas, Houston Division. This Court has jurisdiction over this action based on diversity jurisdiction, 28 U.S.C. § 1332. In support thereof, Medtronic shows as follows:

## I.      STATE COURT ACTION

1.      On or about June 28, 2022, Plaintiff Ricky Marshall ("Plaintiff") filed the State Court Action against Medtronic asserting product liability claims related to a HeartWare Ventricular Assist Device ("HVAD") manufactured by Medtronic.

2.      Through its registered agents for service of process, Medtronic first received a copy of the summons and complaint in this matter on July 25, 2022. Consequently, this notice of removal is timely filed within thirty (30) days of such service. *See* 28 U.S.C. § 1446(b).

1

## II.    REMOVAL PROCEDURE

3.    Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending.  *See* 28 U.S.C. § 1441.  The Southern District of Texas, Houston Division, is the United States district and division embracing Harris County, Texas. Therefore, venue of this removed action is proper in this Court.

4.    As required by 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by the following:

Exhibit A:    An index of matters being filed; and

Exhibit B:    Docket sheet in the State Court Action;

Exhibit C:    Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

Exhibit D:    All executed process in the State Court Action;

Exhibit E:    A list of all counsel of record, including addresses, telephone numbers and parties represented.

5.    Medtronic is the only named defendant, and has been properly joined and served. As such, no additional defendants need to join in or consent to the removal of this action. 28 USC § 1446 (b)(2)(A).

6.    As required by 28 U.S.C. § 1446(d), Medtronic, the removing party, will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 11th Judicial District Court of Harris County, Texas, where the action is currently pending.

7.      If any question arises as to the propriety of this removal, Medtronic requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.  Medtronic also reserves the right to supplement this Notice of Removal as appropriate.

8.      As explained below, this case is removable to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

### III.      DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PROPERLY JOINED PARTIES

9.      Federal courts have removal jurisdiction for diversity cases when the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

10.      Complete diversity of citizenship exists in this action.

11.      Plaintiff Ricky Marshall ("Plaintiff") is now, and was at the time of filing, a citizen of the State of Texas, with his domicile located in Harris County, Texas. *See* Plaintiff's Original Petition at p. 1. Specifically, a person is a citizen of the state where that person is domiciled, that is, where the person has established a fixed habitation or abode, intending to remain there permanently or indefinitely. *See Coury v. Prot*, 85 F.3d 244, 248-50 (5th Cir. 1996).

12.      A corporation is a citizen of both the State where it is incorporated and the State where its principal place of business is located. *See Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

13.      Medtronic is a corporation organized under the laws of Minnesota, with its principal place of business in Minnesota.  *See* Plaintiff's Original Petition at p. 1. Therefore, Medtronic is a citizen of Minnesota and is not a citizen of Texas for purposes of 28 U.S.C. § 1332(c)(1).

3

14.     Complete diversity exists between Plaintiff and Medtronic the relevant parties to this action.  *See* 28 U.S.C. § 1441(b).

## IV. THE AMOUNT IN CONTROVERSY
## REQUIREMENT IS SATISFIED

15.     The amount in controversy requirement is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.

16.     It is apparent from the face of Plaintiff's Original Petition that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Plaintiff's Original Petition alleges damages of $1,000,000. *See* Plaintiff's Original Petition at p. 8. Thus, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Medtronic removes this case from the 11th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

Dated: August 15, 2022.

/s/ *Joseph P. Griffith*
Joseph P. Griffith (Attorney in Charge)
Texas State Bar No. 24045982
SDTX No. 946129
griffithj@gtlaw.com
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

Daniel I.A. Smulian (*pro hac vice to be filed*)
smuliand@gtlaw.com
Alena M. Markley (*pro hac vice to be filed*)
markleya@gtlaw.com
GREENBERG TRAURIG, LLP

One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

**ATTORNEYS FOR DEFENDANT**
**MEDTRONIC, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 15, 2022, the above and foregoing was electronically filed with the Court and that counsel of record, who are deemed to have consented to electronic service in the above-referenced case, are being served with a copy of the above-document via the Court's CM/ECF System. In addition, a copy of the above and foregoing was sent to counsel of record via U.S. Mail and electronic mail.

*/s/ Joseph P. Griffith*
Joseph P. Griffith